# United States Court of Appeals
## For the First Circuit

No. 16-1732

ROSSEMARI MARROQUÍN-RIVERA,

Petitioner,

v.

JEFFERSON B. SESSIONS III,[*]
United States Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before
Torruella, Kayatta, Barron,
Circuit Judges.

Mariana Baron, with whom Kevin MacMurray and MacMurray & Associates were on brief, for petitioner.
Jamie M. Dowd, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, with whom Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and Jessica A. Dawgert, Senior Litigation Counsel, Office of Immigration Litigation, were on brief, for respondent.

June 23, 2017

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Jefferson B. Sessions III is substituted for former Attorney General Loretta E. Lynch, as respondent.

**BARRON**, **Circuit Judge**.  Rossemari Marroquín-Rivera, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for withholding of removal under 8 U.S.C. § 1231(b)(3)(A).  After reviewing the record, we deny her petition.

## I.

Marroquín unlawfully entered the United States in August 2010.  Removal proceedings against Marroquín began shortly after she entered the country, when the Department of Homeland Security filed a notice to appear that charged her with removability, under 8 U.S.C § 1182(a)(6)(A)(i), due to its determination that she had entered without being admitted or paroled by an immigration officer.  Marroquín, through counsel, conceded removability, but then applied for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)(A), and for protection under the Convention Against Torture ("CAT").  A hearing was then held before an immigration judge on Marroquín's request for withholding of removal and protection under the CAT.

To be eligible for withholding of removal under § 1231(b)(3)(A), an alien must show by a "clear probability," Lopez Perez v. Holder, 587 F.3d 456, 463 (1st Cir. 2009), that her "life or freedom would be threatened in [the country to which she would be removed] because of the alien's race, religion, nationality,

- 2 -

membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

The IJ ruled that Marroquín failed to make that showing. The IJ concluded that Marroquín was a credible witness but that she did not suffer any past persecution in Guatemala. The IJ explained that Marroquín had testified that her boyfriend (the father of Marroquín's daughter) was a police officer in Guatemala who was killed by unknown assailants after Marroquín left Guatemala. Marroquín also testified that her boyfriend had been threatened and had told her that he wanted to get her out of the country for her safety.

The IJ found, however, that Marroquín herself was never harmed, arrested, or jailed while in Guatemala. And because the IJ found that Marroquín had not shown that she had suffered past persecution, the IJ concluded that in order for Marroquín to succeed in establishing eligibility for withholding of removal, she had to show that it was more likely than not that she would be persecuted if she returned to Guatemala. See 8 C.F.R. § 1208.16(b)(2). But, the IJ found, Marroquín was merely "speculat[ing]" as to the likelihood that "the individuals whom she could not identify who killed her boyfriend will target her and her daughter."

The IJ also found that "if the respondent could avoid a future threat to her life or freedom by relocating to another part

of Guatemala, and under all the circumstances, it would be reasonable to expect the respondent to do so, the withholding application must be denied."  And, the IJ proceeded to rule, "I find that the respondent could avoid a future threat by relocating within Guatemala, and it would be reasonable to expect her to do so rather than come to the United States."

With respect to Marroquín's request for protection under the CAT, the IJ also ruled against Marroquín.  The IJ explained that she "ha[d] not established it is more likely than not the Guatemalan authorities would consent, acquiesce or turn a blind eye to any torture the respondent fears at the hands of private actors."

Marroquín appealed the IJ's decision to the BIA, and the BIA affirmed.  The BIA explained that Marroquín "did not establish that she will likely be harmed by criminal gangs in Guatemala based upon an enumerated ground."  In setting forth that conclusion, the BIA found that Marroquín "has not established that her fear of harm arising from her relationship with her now deceased boyfriend has an objective basis following his death."  And, the BIA noted, she "did not establish that she was persecuted in the past on the basis of the relationship, particularly where the threats were directed at her boyfriend in an attempt to get him to cease his investigation, without any indication that her membership in a particular social group or political opinion were motivating

- 4 -

factors for the threats." Moreover, the BIA ruled that she "did not provide any objective evidence that gang members in Guatemala are presently motivated to harm her because of her past relationship with an individual who is now deceased."

With respect to Marroquín's CAT claim, the BIA ruled that Marroquín "has not established through objectively reliable evidence that anyone in Guatemala is presently motivated to torture her for any reason such that her torture would be likely if she returned." The BIA also found that Marroquín "has not established that a public official of the Guatemalan government, having awareness that the respondent was about to be tortured, would breach his or her legal responsibility to intervene to prevent her torture by criminal gangs."

## II.

In petitioning for review of the BIA's decision, Marroquín contests only the BIA's ruling affirming the denial of her request for withholding of removal. We review the agency's findings of fact under the "substantial evidence" standard to determine if those findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Ordonez-Quino v. Holder, 760 F.3d 80, 87 (1st Cir. 2014) (quoting Larios v. Holder, 608 F.3d 105, 107 (1st Cir. 2010)). We review the agency's interpretation of law "de novo, 'subject to the appropriate principles of administrative deference.'" Id.

(quoting Larios, 608 F.3d at 107). "We usually review decisions of the BIA, not the IJ. But where, as here, the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Id. (citation omitted).

Marroquín first contends that the BIA erred by not making any findings with respect to whether she suffered past persecution. But, the BIA's decision incorporated the reasoning of the IJ, which expressly found that Marroquín did not suffer past persecution in Guatemala. Moreover, the BIA stated that Marroquín had not suffered past persecution based on her relationship to her boyfriend, even though Marroquín traces her claim of past persecution only to that relationship.

Marroquín also contends that there is no basis for finding that she did not suffer past persecution. In doing so, Marroquín relies on what she contends was her testimony that she "received threats against her and the child she was expecting at the time from gangs that targeted her because she was dating a member of the Guatemalan police." But, the BIA found, after reviewing Marroquín's testimony, that the "threats were directed at her boyfriend in an attempt to get him to cease his investigation, without any indication that [Marroquín's] membership in a particular social group or political opinion were

motivating factors for the threats."  And, the record provides substantial evidence to support that finding.[1]

The petition for review is **denied.**

---

[1] Marroquín was pregnant when she entered this country, and, in November 2010, while here, she gave birth to a daughter, who is a United States citizen.  At oral argument, the panel inquired about whether consideration had been given with respect to the exercise of enforcement discretion in this case, in light of Marroquín's contention that her daughter has a number of medical conditions for which she could not receive adequate care in Guatemala.  Counsel for the government responded that Marroquín had earlier sought prosecutorial discretion in this case, but was denied, and did not seek it again.  Counsel for the government added that "from the state of prosecutorial discretion right now, I don't believe that there would be any relief available at this point."